IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 12-CR-00140-PB |
| ) | |
| LISA BIRON , ) | |
| ) | |
| Defendant. ) | |

**OBJECTION CONCERNING GOVERNMENTS'S**
**FEDERAL RULE OF EVIDENCE 404(b) NOTICE**

Defendant Lisa Biron, through her counsel, respectfully objects to the Government's 404(b) notice and moves this Court to enter orders precluding the government from introducing the evidence set forth below which was outlined in the Government's 404(b) notice.

**Items of Evidence**

1. Any testimony or evidence that the defendant, the alleged victim or any other witness engaged in illegal drug use or provided controlled substances and/or alcohol to any person or to the minor child.

2. The video referred to in the Government's 404(b) notice of "the room in Canada" in which the defendant "narrates a tour of the room and points out 'the drinks' and 'the weed.'"

3. Evidence that the defendant engaged in a "three-way" sexual encounter with the minor victim and adult men, none of which are the criminal charges are based upon.

**Introduction**

3. The defendant has been indicted on charges of transportation with intent to engage in

criminal sexual activity, six counts of sexual exploitation of children, and possession of child pornography. From the discovery received, it is alleged that the defendant took a minor child to Canada with the intent that such child engage in illegal sexual activity, specifically the production of child pornography. It is also alleged that the defendant sexually exploited this minor child by creating visual depictions of sexually explicit conduct. Finally, it is alleged that the defendant possessed child pornography. Central to each count is the creation of child pornography.

4. The Government has set forth as grounds for admissibility that it wishes to introduce the evidence set forth above "to prove intent, preparation, plan, absence of mistake and lack of accident *in the production of child pornography*." [emphasis added].

**Argument**

5. Counsel for the defendant received the Government's 404(b) notice on January 3, 2013. The date of the notice is January 2, 2013. This notice is untimely pursuant to LCrR 116.1(e) which mandates that the Government "disclose the general nature of any evidence that it intends to introduce pursuant to Fed. R. Evid. 404(b) at least seven days prior to trial." As trial is to commence on January 8, 2013, this notice is untimely and fails to comply with this rule. This is especially egregious as at the Final Pretrial Conference of December 18, 2012, the Court expressed concern about 404(b) issues and indicated that the Court anticipated that this issue would require litigation. The defendant, therefore, moves that the Government be barred from introducing any of the evidence outlined in it's 404(b) notice.

6. Should the Court not bar the Government from introducing this evidence on the basis of untimeliness, the defendant moves to bar the admission of this evidence pursuant to Federal

Rules of Evidence 403 and 404(b).

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

This Court must apply a two-part test to decide whether evidence is admissible under 404(b): "First, it must determine whether the evidence has 'special' relevance other than establishing propensity . . . . Second, the court must consider whether Rule 403 requires exclusion of the evidence because the danger of unfair prejudice substantially outweighs the probative value." *United States v. Landry*, 631 F.3d 597, 602 (1st Cir. 2011). Evidence must be excluded under Rule 404(b) if "[i]t involves an inference of propensity as 'a necessary link in the inferential chain.'" *United States v. Varoudakis*, 233 F.3d 113, 120 (1st Cir. 2000). In *Varoudakis*, the First Circuit held that evidence that the defendant had committed a prior arson was inadmissable because it was offered to show propensity–that because the defendant had committed a prior arson to relieve financial difficulties, it was "more likely that he committed the [charged] arson in response to financial stress." *Id.*

Typically, courts find that evidence has "special relevance" when that evidence sheds light on a disputed fact. In *United States v. Aguilar-Aranceta*, 58 F.3d 796 (1st Cir. 1995), the defendant was charged with possessing drugs that were sent to her post office box from Colombia, and denied knowledge of the contents of the packages she received. The First Circuit held that her prior conviction for receiving packages containing drugs from Colombia had

"special relevance" because "the jury permissibly could have inferred that someone with a previous mail-related narcotics conviction would be reluctant to again accept mysterious packages from Colombia, and that Aguilar-Aranceta's failure to reject the packages given her prior experiences bears on the crucial issue of knowledge." *Id.* at 800. In *United States v. Garcia-Orozco*, 997 F.2d 1302, 1303-05 (9th Cir. 1993), the Ninth Circuit explored the distinction between 404(b) evidence that is and is not relevant. Garcia-Orozco was charged with importing marijuana that was hidden in a car he was driving, and he denied knowing that the drugs were in the car. *Id.* The court held that evidence that Garcia-Orozco had previously been arrested for (but not convicted of) possession of heroin based on drugs found in a car in which he was a passenger was inadmissible under Rule 404(b). *Id.* at 1303. The Court explained that "there is no logical basis from which to infer that Garcia-Orozco knew that the Suburban contained drugs because drugs were found in a car in which he was previously a passenger. . . . It is unreasonable to expect that the 1988 incident would have put Garcia-Orozco on 'notice' that every car in which he rode thereafter could contain drugs." *Id.* at 1304. The Ninth Circuit distinguished a case in which it "upheld the introduction of evidence that the defendant, who was charged with importing cocaine in the roof panel of a car, had also transported marijuana across the border in the door panel of a car, to prove the defendant's knowledge of the presence of contraband." *Id*. (discussing *United States v. Bibo-Rodriguez*, 992 F.2d 1398, 1401-02 (9th Cir. 1991)). The Court noted that Garcia-Orozco had not been "convicted of importation or possession of drugs in the previous incident." *Id.*

The proffered evidence must be excluded here because it has no special relevance and serves only to establish bad character. This evidence is not offered for one of the permissible

4

purposes outlined by Rule 404(b), such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Indeed, the Government merely enumerated the permissible purposes in its notice and has not even attempted to articulate how this evidence would serve a permissible purpose. Instead, this evidence is offered to show the bad character of the defendant only — to cause the jury to infer that because Ms. Biron is a bad person and has the propensity to commit crimes and that she must have engaged in other conduct related to child pornography.   Just as in *Varoudakis*, this evidence is only relevant if one assumes that it is being introduced to show bad character and propensity. 233 F.3d 113, 120.   Rule 404(b) prohibits the use of prior bad acts to show character and propensity in this way, and the proffered evidence must be excluded.

Further, even if there were special relevance (there is not) the proffered evidence nevertheless should be excluded under Rule 403 because the serious danger of unfair prejudice from the proffered 404(b) evidence "substantially outweighs the probative value." *United States v. Landry*, 631 F.3d 597, 602, 604 (1st Cir. 2011); (considering whether 404(b) evidence would emotionally influence the jurors or "play upon a jury's passions").  Usually, courts use the term 'unfair prejudice' for evidence that invites the jury to render a verdict on an improper emotional basis. For example, courts have upheld the exclusion of prior bad act evidence in part because it was 'undeniably explosive.' We are also cautious when the prior act is a 'shocking or heinous crime likely to inflame the jury.' *Varoudakis*, 233 F.3d at 122 (quoting *United States v. Gilbert*, 229 F.3d 15, 26 (1st Cir. 2000), and *United States v. Moccia*, 681 F.2d 61, 64 (1st Cir. 1984)). The proposed 404(b) evidence in this case is unduly prejudicial because it would inflame the jury. *See United States v. Loughry*, 660 F.3d 965, 967 (7th Cir. 2011) (reversing conviction

because "highly inflammatory" uncharged "hardcore pornography" was shown to jury in case charging defendant with distributing child pornography). The jury is already being asked to put aside its passions and prejudices to decide Ms. Biron's guilt upon the child pornography charges; raising the specter of the distribution of drugs, the use of drugs, the provision of drugs, alcohol to minors, and uncharged sexual activity will further inflame the jury and virtually guarantee that Ms. Biron does not receive a fair trial.

### Government's Position

The defense submits that given as the Government's 404(b) notice was only received several days ago he has had little time to digest the notice and has not had time to determine the Governments position and instead thought time would be better spent preparing a response. *See* Local Rule 7.1(c).

### Conclusion

For the foregoing reasons, the defendant respectfully requests that this Honorable Court, in the first instance, to exclude this evidence and the Government's notice was untimely. Further, the defendant requests that this evidence be ruled inadmissible under Federal Rules of Evidence 403 and 404(b).

    Respectfully submitted,

*/s/ James H. Moir*
**JAMES H. MOIR, #1783**
Moir & Rabinowitz, PLLC
5 Green Street
Concord, NH 03301
(603) 224-3500
Attorney for Defendant
Lisa Biron

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

*/s/ James H. Moir*
**JAMES H. MOIR**