# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Crim. No. 1:12-cr-00140-PB** |
| **LISA BIRON,** | ) | |
| | ) | |
| **Defendant** | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO RULE 404(b) EVIDENCE

The United States of America, by and through John P. Kacavas, United States Attorney for the District of New Hampshire, hereby submits this response to the Defendant's motion to exclude evidence of the Defendant's use of marijuana and alcohol with the minor victim, and her sexual activity in the minor victim's presence.

## The Indictment

The Defendant stands charged in an eight-count Indictment with six (6) counts of "Sexual exploitation of children" in violation of 18 U.S.C. §2251(a), one count of "Transportation with intent to engage in criminal sexual activity" in violation of 18 U.S.C. §§2423(a) and 2427, and one (1) count of "Possession of child pornography" in violation of 18 U.S.C. §2252A(a)(5)(B).

## The Elements

In order to sustain its burden of proving the six (6) counts of "Sexual exploitation of children" (Counts II-VII), the government must establish the following elements beyond a reasonable doubt:

1)      that the minor child was under the age of eighteen (18) at the time of the acts alleged;

2)      that the Defendant did knowingly *employ, use, persuade, induce, entice and coerce* the minor child to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

3)      that the visual depiction was transported in interstate or foreign commerce (Counts II - V) or was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce (Counts VI and VII), including by computer.

See Sand, Modern Federal Jury Instructions, Ch. 62-2 (emphasis added).

**The Evidence**

The investigation of this matter has revealed substantial evidence that the Defendant drank alcohol, smoked marijuana and consumed other illicit drugs with her 14-year old daughter, often as a precursor to sexual activity.  No fewer than twelve young men would cross-corroborate this evidence.  However, in an effort to expedite its presentation to the jury, the Government will call only three or four of these witnesses.

For example, the Government will adduce evidence that the Defendant transported her young daughter to Canada in order to produce a video recording of her child's first sexual experience with a young man, as alleged in Count I of the Indictment.  The Government intends to call this 20-year old young man to testify that he met the Defendant and her daughter in an internet chat room in or about March of 2012.  The three engaged in sex over the internet using Skype.  He will testify that the Defendant arranged a rendezvous at a hotel in Niagara Falls, Ontario, Canada in May of 2012.  He will testify that the three engaged in a weekend of drinking alcohol, smoking marijuana and having sex.  Specifically, he will testify that shortly before he

engaged in sexual intercourse with the 14-year old girl for the first time, the Defendant, her daughter, and he drank alcohol and smoked marijuana together.  The Defendant then video recorded her daughter having sexual intercourse with the young man, as alleged in Counts II-IV of the Indictment, before she, too, engaged in sexual intercourse with him.

The Government intends to call another young man who engaged in frequent sexual activity with the 14-year old girl, with the Defendant's encouragement and express permission. This 18-year old young man met, and had sexual intercourse with, the Defendant before starting a sexual relationship with her daughter.  He will testify that, at the Defendant's request, he would bring numerous friends to her house to have sex with her while he had sex with her daughter. Almost invariably, the four would drink alcohol and smoke marijuana before having sex.

This witness moved into the Defendant's home and resided there from early August to late September of 2012.  He will testify to the total lack of parental control, the easy availability of drugs and alcohol, and the sexually permissive environment at the Defendant's home.  He will also testify that the Defendant video recorded him having sexual intercourse with her young daughter in the living room of her home, as alleged in Count VI of the Indictment.

The Government seeks to introduce evidence that the Defendant used alcohol and marijuana with her daughter as elemental proof that she "did knowingly employ, use, persuade, induce, entice, and coerce" her daughter to engage in sexually explicit conduct.

## **ARGUMENT**

In order to determine the admissibility of evidence under Rule 404(b), the court engages in a two-part test: 1) whether the evidence has "special" relevance other than establishing propensity; and 2) whether Rule 403 requires exclusion of the evidence because the danger of

unfair prejudice substantially outweighs the probative value.  United States v. Landry, 631 F.3d 597, 601-02 (1st Cir. 2011) (quotation marks in original).

**Special Relevance**

Evidence holds "special" relevance if it tends to prove a material fact apart from a mere propensity to behave in a certain way.  United States v. Watson, 695 F.3d 159, 165 (1st Cir. 2012) (affirming admission of prior bad acts evidence given its relevance to the narrative of the offense.  The Defendant contends that the proffered evidence is not encompassed by one of the permissible purposes enumerated in Rule 404(b).  However, with respect to whether evidence has "special" relevance other than establishing propensity, the First Circuit has "rejected the concept that Rule 404(b) contains a comprehensive list of all the ways in which evidence of other bad acts may be specially relevant."  Landry, 631 F.3d at 602 (brackets omitted).  Where, as here, evidence of the Defendant's alcohol and marijuana use with her daughter is specially relevant to prove the Defendant's *modus operandi*, it is a permissible purpose under Rule 404(b).

 In United States v. Ray, 189 Fed. App'x 436, 442-44 (6th Cir. 2006), the Defendant was charged with, inter alia, the sexual exploitation of two minor girls.  The Court determined that evidence that the Defendant fostered an "atmosphere in which nudity and sexually explicit activity was acceptable," as well as evidence that he provided drugs and alcohol to the minor girls, was properly admissible as *modus operandi* evidence under Rule 404(b).  Id.  Specifically, the Court held that "this evidence was admissible to show the means by which [the Defendant] induced the minors … to engage in sexually explicit conduct."  Id.; see also United States v. Larson, 112 F.3d 600, 605 (2nd Cir. 1997) (finding no abuse of discretion where evidence that Defendant previously enticed other uncharged victims with alcohol in interstate transportation of minor case was properly admissible to prove common scheme or plan under Rule 404(b)).

Here, similarly, the Defendant created a sexually permissive atmosphere for her young daughter, one in which there was no parental control over the minor's sexual activity.  Moreover, the Defendant permitted and encouraged her 14-year old daughter to drink alcohol and consume illicit drugs in order to lower her adolescent inhibitions and entice her to engage in sexually explicit activity that the Defendant could video record.  In the absence of this limited evidence, the Government's narrative would be incomplete and the jury would be left to consider the charged offenses out of context.  Therefore, the proffered evidence holds "special" relevance.

**Rule 403 Balance**

Rule 403 is "designed to filter 'unfair' prejudice to the defendant – the possibility that the jury will draw inferences that were not warranted by the evidence or permitted by the rules." Watson, 695 F.3d at 165.  Danger of unfair prejudice occurs if the evidence invites the jury to render a verdict on an improper emotional basis.  Landry, 631 F.3d at 604.

One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof.  Ray, 189 Fed. App'x at 445.  Here, the proffered evidence is the only means of demonstrating how the Defendant enticed and induced her daughter to engage in sexually explicit conduct.  Accordingly, it has a high degree of probative value.

The proffered evidence is certainly not more prejudicial than probative.  See id. (finding general atmosphere evidence not more prejudicial than probative).  It pales by comparison to graphic and emotional-laden nature of the evidence of the substantive offenses with which the Defendant stands charged.  In relative terms, there is nothing graphic or shocking about the proffered evidence that would tend to invite a verdict on an improper basis.  While the danger of *unfair* prejudice from admission of this evidence is so remote as to be nonexistent, the Court can provide a limiting instruction on its proper use to the jury.  See Landry, 631 F.3d at 604 (limiting

instruction cautioning jury not to consider prior bad act as evidence of propensity effective in reducing prejudice).  Accordingly, because the evidence is not unfairly prejudicial, the Rule 403 balance militates in favor of admissibility.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Honorable Court admit the proffered evidence for the purpose of demonstrating the Defendant's *modus operandi* under Rule 404(b).

Respectfully submitted,

Dated: January 8, 2013

By: /s/ John P. Kacavas
John P. Kacavas
United States Attorney
Bar No: 8177
53 Pleasant Street
Concord, New Hampshire 03301

JOHN P. KACAVAS
United States Attorney

By: /s/ Helen White Fitzgibbon
Helen White Fitzgibbon
Assistant United States Attorney
Bar No: 6833
53 Pleasant Street
Concord, New Hampshire 03301

<u>CERTIFICATE OF SERVICE</u>

I, hereby, certify that the Government's Response to Defendant's  Objection to Rule 404 (b) Evidence  has been served electronically, through ECF, on James H. Moir, Esquire, 5 Green Street, Concord, New Hampshire, counsel for the defendant this 8th day of January, 2013.


By: <u>/s/ John P. Kacavas</u>
John P. Kacavas