IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
vs.                          )    No. 12-CR-00140-PB
                             )
LISA BIRON,       Defendant  )

**DEFENDANT BIRON'S REQUESTED
JURY INSTRUCTIONS**

_____

Pursuant to FED. R. CRIM. P. 30(a) and Local Rule 130.1, defendant, Lisa Biron, respectfully requests the Court to propound the following jury instruction:

**18 U.S.C. 2423(a)**

It is a Federal crime to transport an individual under 18 years of age in interstate or foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense.

The defendant can be found guilty of this crime only if each of the following elements are proven to you beyond a reasonable doubt:

1. The defendant knowing transported R.B. in interstate commerce from New Hampshire to Ontario, Canada;

2. At the time of the transportation, R.B. was less than 18 years of age;

3. At the time of the transportation, the defendant intended that R.B. would engage

in unlawful sexual activity. In this case, the Government has alleged that the specific illegal sexual activity was a violation of 18 U.S.C. 2427 which is the production of child pornography.

It is not necessary for the Government to prove that anyone actually engaged in illegal sexual activity after being transported across state lines. The Government must prove beyond a reasonable doubt that a person under age 18 years old was knowingly transported across State lines by the defendant and that the defendant at the actual time she was transporting the minor across the State of foreign line intended that she engage in the production of child pornography. It is not sufficient for the Government to prove that this intent arose after State or foreign lines were crossed. The Government has the obligation of proving that at the time the defendant was transporting the minor she intended that the minor engage in the production of child pornography.

## 18 U.S.C. 2251(a)

It is also a Federal crime for any person to employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct and that the depiction was transported in interstate or foreign commerce and was produced using materials that had been mailed, shipped and transported in interstate commerce.

The defendant can be found guilty of this crime only if all the following elements are proved beyond a reasonable doubt:

1.  An actual minor, that is, a real person who was less than 18 years of age, was depicted;

2.  The defendant employed, used, persuaded induced, enticed and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

3.  That the defendant knew that the visual depiction was produced using materials that had been mailed, shipped or transported in interstate commerce by any means.

4.  That the defendant either knew that the visual depiction would be transported in interstate or foreign commerce; and

All four of these elements must be proven beyond a reasonable doubt with regards to Counts 2 through 5.  Regarding Counts 6 and 7, only elements one through 3 must be proven beyond a reasonable doubt.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another or from one state to another country.

18 U.S.C. 225A(a)(5)(B)

It is also a Federal crime for a person to knowingly possess child pornography.

The defendant can be found guilty of this crime only if each of the following elements

are proven to you beyond a reasonable doubt:

    1.  That on or about September 29, 2012, the defendant knowingly possessed visual images of child pornography,

    2.  That the defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct, and

    3.  That the visual depictions were produced using materials that had been mailed, shipped, or transported by computer in interstate or foreign commerce.

Respectfully submitted,

*/s/ James H. Moir*
**JAMES H. MOIR, #1783**
Moir & Rabinowitz, PLLC
5 Green Street
Concord, NH 03301
(603) 224-3500
Attorney for Defendant
Lisa Biron

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

*/s/ James H. Moir*
**JAMES H. MOIR**