**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:12-cr-140-PB** |
| | ) | |
| **LISA BIRON** | ) | |

---

### PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, and pursuant to Rule 30, Fed. R. Crim. P., respectfully requests that the attached proposed instructions be included in the Court's charge to the jury at the conclusion of the trial in the above-captioned matter.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ Helen Fitzgibbon
Assistant U.S. Attorney
New Hampshire Bar # 6833
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Helen.Fitzgibbon@usdoj.gov

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

Count one of the indictment charges that:

On or about May 25, 2012, in the District of New Hampshire and elsewhere, the defendant, Lisa Biron, knowingly transported an individual, that is R.B., who was at the time under the age of 18 years, in interstate commerce from New Hampshire to Ontario, Canada, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, that is, child pornography as defined in in Title 18, United States Code, Section 2256(8)(B).

All in violation of Title 18, United States Code, Sections 2423(a) and 2427.

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 2</u>

Title 18, United States Code, Section 2423(a) provides, in pertinent part:

(a) Transportation with intent to engage in criminal sexual activity**.**--A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be [guilty of a crime].

Title 18, United States Code, Section 2427 provides:

In this chapter, the term "sexual activity for which any person can be charged with a criminal offense" includes the production of child pornography, as defined in section 2256(8).

Title 18, United States Code, Section 2256(8)(A) provides, in pertinent part:

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

> **(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

Title 18, United States Code, Section 2256(2)(B) provides, in pertinent part:

For purposes of subsection 22568(A) of this section, "sexually explicit conduct" means--

> **(i)** graphic sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;

> . . . .

> or

> **(iii)** graphic or simulated lascivious exhibition of the genitals or pubic area of any person.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

The crime of interstate or foreign transportation of anyone under eighteen (18) years of age to engage in the production of child pornography as charged in Count One of the indictment has four elements, which are:

One, the defendant knowingly transported R.B. across a state line or national border;

Two, the defendant transported R.B. with the intent such person engage sexual activity for which any person can be charged with a criminal offense; and

Three, R.B. was under the age of eighteen (18) years.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

The first element of the crime alleged in count one that the government must prove beyond a reasonable doubt is that the defendant a knowingly transported R.B. across a state or national border.  The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.  To transport in interstate or foreign commerce means to move from one state of the United States to another state of the United States or from one state of the United States across a national boundary.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**

The second element of the offense alleged in count one of the indictment that the government must prove beyond a reasonable doubt is that the defendant, Lisa Biron, transported R.B. with the intent that R.B.  engage sexual activity for which any person can be charged with a criminal offense.  Under the law, the phrase "engage sexual activity for which any person can be charged with a criminal offense" includes the production of child pornography as defined in 18 U.S.C. § 2256(8).  The law defines child pornography as any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the visual depiction.

The law defines the term "visual depiction" includes any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.  It includes videotape and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The law defines the term "sexually explicit conduct" to mean actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, oral-anal, whether between persons of the same or opposite sex; masturbation, or lascivious exhibition of the genitals or pubic area of any person.

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material.  In considering the overall content of the image, you may, but are not required to, consider any of the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of

6

the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; and/or (6) whether the image appears intended or designed to elicit a sexual response in the viewer.  This determination should be based on the four corners of the image itself, not on where it appeared or what other material might be found in the same place.  An image need not involve all of the factors cited to constitute a "lascivious exhibition."  It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed.  This list of factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.  Your focus should be on the objective criteria of the image's design, and again, this determination should be based on the four corners of the image itself.

**<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 6</u>**

The final element of the crime alleged in count one of the indictment that the government must prove beyond a reasonable doubt is that R.B. was under the age of 18 years at the time the transportation alleged in count one occurred.

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 7</u>

Counts two through seven of the indictment charges that:

On the dates set forth in counts two through seven, in the District of New Hampshire and elsewhere, the defendant, Lisa Biron, did knowingly employ, use, persuade, induce, entice and coerce a minor child, R.B., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit, a computer video file identified in each of counts two through six, the visual depiction of the sexually explicit conduct having been transported in interstate or foreign commerce and having been produced using materials that had been mailed, shipped and transported in interstate commerce by an means.

All in violation of Title 18, United States Code, Sections 2251(a) and 2256.

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 8</u>

Title 18, United States Code, Section 2251(a) provides:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

The crime of sexual exploitation of a child, as charged in Counts Two through Seven of the indictment, has four elements, which are:

One, at the time alleged, R.B. was under the age of eighteen years;

Two, the defendant knowingly employed, used, persuaded, induced, enticed, or coerced R.B. to engage in sexually explicit conduct;

Three, the defendant acted with the purpose of producing a visual depiction of such conduct; and

Four, either (a) the visual depiction was actually transported across state lines or in interstate or foreign commerce; or (b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

The first element of the crimes alleged in each of counts two through seven of the indictment that the government must prove beyond a reasonable doubt is that R.B. was under the age of 18 tears at the time the transportation alleged in count one occurred. The Government is not required to prove that the defendant knew that R.B. was under the age of eighteen.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

The second element of the crimes alleged in each of counts two through seven of the indictment that the government must prove beyond a reasonable doubt is that the defendant, Lisa Biron, knowingly employed, used, persuaded, induced, enticed, or coerced R.B. to engage in sexually explicit conduct.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The law defines the term "sexually explicit conduct" to mean actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; masturbation or lascivious exhibition of the genitals or pubic area of any person.

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. In considering the overall content of the image, you may, but are not required to, consider any of the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; and/or (6) whether the image appears intended or designed to elicit a sexual response in the viewer. This determination should be based on the four corners of the image itself, not on where it appeared or what other material might be found in the same place. An image need not involve all of the factors cited to constitute a "lascivious exhibition." It is for you to decide the weight, or lack of weight, to be

given to any of the factors I just listed.  This list of factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.  Your focus should be on the objective criteria of the image's design, and again, this determination should be based on the four corners of the image itself.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

The third element of the crimes alleged in each of counts two through seven of the indictment that the government must prove beyond a reasonable doubt is that the defendant, Lisa Biron, acted with the purpose of producing a visual depiction of such conduct.

A person acts purposely or willfully by acting voluntarily and intentionally with the intent that something the law forbids be done--that is to say with bad purpose, either to disobey or disregard the law.

The term "visual depiction" includes any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.  It includes videotape and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

An item is "produced" if it is produced, directed, manufactured, issued, published, advertised, created, made, or is in any other way brought into being by the involvement of an individual participating in the recording of child pornography.

### <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 13</u>

The final element of the crimes alleged in each of counts two through seven of the indictment that the government must prove beyond a reasonable doubt is that either (a) the visual depiction was actually transported across state lines or in interstate or foreign commerce; or (b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

Count eight of the indictment charges that:

On or about September 29, 2012, in the District of New Hampshire, the defendant, Lisa Biron, did knowingly possess child pornography in the form of a Hewlett Packard laptop computer containing images of child pornography as that term is defined in Title 18, United States Code, Section 2256, the images of child pornography having been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

The crime alleged in count eight of the indictment has the following four essential elements, each of which the government must prove beyond a reasonable doubt.

First,  the Defendant knowingly possessed materials such as computer hard drives, external hard drives, or computer disks;

Second, that any one of those materials contained at least one image of child pornography;

Third, that at the time of such possession, the Defendant knew those hard drives, external hard drives, or computer disks contained at least one image of child pornography; and

Fourth that such image or images of child pornography contained in those hard drives, external hard drives, or computer disks had been either (a) transported in interstate or foreign commerce, or (b) produced using materials that had been transported in interstate or foreign commerce.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

The first element of count eight that the government must prove beyond a reasonable doubt is that the defendant knowingly possessed the computer hard drives, external hard drives, or computer disks that contained the alleged child pornography.

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole or joint possession.

A person is in "actual" possession of a thing when he or she knowingly has direct physical control over it.

A person is in "constructive" possession of a thing when he or she, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.

If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual as well as constructive possession, and sole as well as joint possession.

The word "knowingly," means that the act was done voluntarily and intentionally and not because of mistake or accident.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

The second element of count eight that the government must prove beyond a reasonable doubt is that any of the computer hard drives, external hard drives, or computer disks in the defendant's possession contained at least one image of child pornography, and that the persons depicted in the image or images are real minors, as opposed to graphic art, or altered images of adults, or minors who are not engaging in sexually explicit conduct.  It is not enough that the person depicted appears to be a minor.  The Government must prove beyond a reasonable doubt that the person is in fact a minor.

 "Child pornography" is any photograph, film, video, picture, or computer image of sexually explicit conduct that was produced by using an actual minor, that is, an actual person under the age of 18, engaging in sexually explicit conduct.

"Sexually explicit conduct" includes any one of the following five categories of conduct, whether actual or simulated: (1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (2) masturbation;  or (3) lascivious exhibition of the genital or pubic area of any person.

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material.  In considering the overall content of the image, you may, but are not required to, consider any of the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; and/or (6) whether the

image appears intended or designed to elicit a sexual response in the viewer.  This determination should be based on the four corners of the image itself, not on where it appeared or what other material might be found in the same place.  An image need not involve all of the factors cited to constitute a "lascivious exhibition."  It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed.  This list of factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.  Your focus should be on the objective criteria of the image's design, and again, this determination should be based on the four corners of the image itself.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

The third element of count eight that the government must prove beyond a reasonable doubt is that at the time of such possession, the defendant knew those hard drives, external hard drives, or computer disks contained at least one image of child pornography.

The government must prove beyond a reasonable doubt that the defendant knowingly possessed a computer hard drive, external hard drive, or computer disk that contained at least one image of child pornography, and that the defendant knew the image or images constituted child pornography.  Although the defendant does not need to know the specific content of the material or the actual age of the underage subject, the defendant must have had an awareness, notice, reason to know, or belief or ground for belief warranting further inspection, that the material contained child pornography.

Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of the defendant's viewing of the material is not necessary to prove her awareness of its contents; the circumstances may warrant the inference that she was aware of what the material depicts.  Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.  In determining whether the government has proven that the defendant knowingly possessed child pornography, the standard is whether the defendant knew from all the circumstances that the image or images contained depictions of minors engaging in sexually explicit conduct.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

The final element of count eight that the government must prove beyond a reasonable doubt is that images of child pornography contained in the hard drives, external hard drives, or computer disks had been either (a) mailed, shipped or transported in interstate or foreign commerce, or (b) were produced using materials that had been transported in interstate or foreign commerce.

In order to find that the Government proved the element of interstate commerce beyond a reasonable doubt, you may find either that the image or images of child pornography traveled in interstate or foreign commerce, or that the materials used to "produce" the image or images of child pornography traveled in interstate or foreign commerce.  To "produce" an image of child pornography under 18 U.S.C. § 2252A(a)(5)(B) requires only that the image be copied or downloaded onto a storage medium such as a computer hard drive, external hard drive, or computer disk.[1]  It is not necessary for the Government to prove that the image or images in question were actually copied or downloaded by the defendant, and the materials that were used to copy or download the image or images of child pornography, such as the computer hard drive, external hard drive, or computer disk, did not need to copy or download the image or images prior to traveling in interstate or foreign commerce.  Therefore, evidence that the materials used to copy or download such an image – including computer hard drives, external hard drives, or computer disks – were manufactured outside of New Hampshire and thus traveled in interstate or foreign commerce is sufficient to prove this element of the offense. [2]

---

[1] See United States v. Poulin, 631 F.3d 17, 22 (1st Cir. 2011); United States v. Dickson, 632 F.3d 186, 189-90 (5th Cir. 2011); United States v. Angle, 234 F.3d 326, 341 (7th Cir. 2000); United States v. Lacy, 119 F.3d 742, 750 (9th Cir. 1997)

[2] See Poulin, 631 F.3d at 23; Dickson, 632 F.3d at 189-90; United States v. Schene, 543 F.3d 627, 638 (10th Cir. 2008); Angle, 234 F.3d at 341; Lacy, 119 F.3d at 749-50.

The government does not need to prove that the defendant knew that the image or images had in fact been transported in interstate or foreign commerce, or that the computer hard drive, external hard drive, or computer disk used to copy or download the image or images had traveled in interstate or foreign commerce.  It is sufficient if the image or images were transported in interstate or foreign commerce or that they were copied or downloaded with materials that had traveled in interstate or foreign commerce.

You have heard evidence of more than one visual depiction involved in the offense. You must agree unanimously as to which visual depiction(s) the defendant possessed.

**<u>CERTIFICATE OF SERVICE</u>**

I certify that these proposed jury instructions were served electronically, through the ECF system, and were also hand-delivered to James Moir, Esquire, 5 Green Street, Concord, New Hampshire, 03301, counsel for the defendant, on January 9, 2013.

<u>/s/ Helen Fitzgibbon</u>
Helen Fitzgibbon
Assistant U.S. Attorney