U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JAN 10 2013

FILED

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEW HAMPSHIRE**

**UNITED STATES OF AMERICA**

**v.** Case No. 12-CR-140-B

**LISA BIRON**

## JURY INSTRUCTIONS

## INTRODUCTION

At this stage of the trial it is my duty to instruct you on the principles of law that you will apply in deciding this case. It is your duty to follow these instructions during your deliberations. You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.

## JURY SOLE JUDGES OF FACT

You are the sole and exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy. You must make a determination as to what the facts are, what the truth is, based upon the evidence presented in the case. You will decide the case by applying the law as I give it to you in these instructions and the facts as you find them to be from the evidence.

## CREDIBILITY OF WITNESSES

In determining what the facts are, what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor and manner while testifying. Consider the witness's ability to see, hear, or know the matters about which that witness has testified. Consider whether the witness had a good memory of what the witness has testified about. Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, whether the witness had anything to gain or lose as a result of his or her testimony, whether the witness had any friendship, relationship, or animosity towards other individuals involved in the case, whether the witness's testimony was consistent or inconsistent with the witness's own testimony and the testimony of other witnesses. Consider the extent to which, if any, the testimony of each witness is either supported or contradicted by other evidence in the case.

After assessing the credibility of each witness, you will assign to the testimony of each witness, both under direct and cross-examination, such weight as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony

of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

A. **CREDIBILITY OF GOVERNMENT AGENTS**

During the course of the trial you have heard several government agents testify. You should consider the testimony of a government agent in the same manner as you consider the testimony of any other witness in the case. In no event should you give the testimony of a government agent any more credibility or any less credibility simply because that witness is a government agent.

B. **PRIOR INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that the witness previously made statements which are different than, or inconsistent with, his testimony here in court. Inconsistent or contradictory statements which are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out-of-court statements. You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an

individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## WEIGHT OF THE EVIDENCE

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party in litigation. By the same token, the government is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You will consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

In reviewing the evidence, you will consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important. You will consider all of the evidence no matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

**STATEMENTS AND OBJECTIONS BY COUNSEL**

During the course of the trial you have heard certain statements, arguments and remarks from counsel. These are intended to help you in understanding the evidence and in applying the law to this case. However, in the event that counsel have made any statements concerning the evidence that are contrary to your recollection of the evidence, then you must take your own recollection as to the evidence. If counsel have made any statements concerning the law that are contrary to my instructions, you must take the law from me. You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than the law as I give it to you in my instructions.

From time to time during the course of the trial counsel have made objections. This is a proper function to be performed by counsel on behalf of their respective clients. You should not concern yourself with the fact that objections have been made, nor with my rulings on those objections. I must rule on objections and I have not intended to indicate in any way by my rulings or by what I have said what the verdict should be in this case.

In this case, as in all cases, I am completely neutral and impartial. It is up to you to determine whether the defendant is guilty or not guilty based on the facts as you find them to be and the law as I give it to you.

## WHAT IS EVIDENCE

The direct evidence in this case consists of (1) the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who may have called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence:

1. Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by objections or by my ruling on objections.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked and any stipulations which have been agreed to by the lawyers for both sides.

Evidence may also be used to prove a fact by inference, and this is referred to as circumstantial evidence. In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience and common sense. Such reasonable inferences constitute circumstantial evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is up to you to decide how to weigh the evidence in this case. However, the defendant cannot be found guilty of any crime based upon a hunch or a suspicion, even a strong one, or on what is probably the case. She can only be found guilty if on the direct evidence and the reasonable inferences you draw from the direct evidence, you are satisfied that she is guilty of the crime beyond a reasonable doubt.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

During the course of the trial, I may have instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow these instructions during your deliberations.

## PRESUMPTION OF INNOCENCE

The fact that an indictment has been returned against the defendant is not evidence of the defendant's guilt. An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial. It is you who will determine whether the defendant is guilty or not guilty of the offenses charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of this defendant, nor should you draw any inference from the fact that an indictment has been returned against her.

A defendant, although accused, begins a trial with a clean slate -- with no evidence against her. The law permits nothing but the admissible evidence presented before you to be considered in support of any charge against the defendant.

The presumption of innocence alone is sufficient to acquit the defendant unless you are satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

## GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant. The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The law does not compel a defendant in a criminal case to take the witness stand and to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not testify, because the law

does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt as to whether the defendant is guilty of any charge, you must find the defendant not guilty on that charge.

You must never find a defendant guilty based on mere suspicion, conjecture or guess. Rather, you must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## DATE OF OFFENSE - ON OR ABOUT

The Superseding Indictment charges that the offense at issue was committed on or about certain dates. The proof need not establish with certainty the exact date of an alleged offense when the term "on or about" is used, for in such instance, it is sufficient if the evidence establishes beyond a reasonable doubt that the offense charged was committed on a date reasonably near the date alleged; that is, a date reasonably close in time to the date upon which the offense is alleged to have occurred.

## SUPERSEDING INDICTMENT

The Superseding Indictment contains several counts charging Lisa Biron with: Transportation with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. §2423(a); Sexual Exploitation of a Minor, in violation of 18 U.S.C. §2251(a); and Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B).

**COUNT I: TRANSPORTATION WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY (18 U.S.C. § 2423(a))**

The defendant is charged in Count I of the Indictment with transporting an individual under 18 years of age in interstate or foreign commerce with the intent that the individual engage in the production of child pornography.

A. ELEMENTS OF THE OFFENSE

The defendant can be found guilty of this crime only if the government proves the following elements beyond a reasonable doubt:

1. That the defendant knowingly transported R.B. in interstate commerce;

2. At the time of the transportation, R.B. was less than 18 years of age; and

3. At the time of the transportation, the defendant's intention was to have R.B. engage in the production of child pornography.

B. PURPOSE IN TRAVELING

The government does not need to prove that the defendant's sole purpose in causing R.B. to be transported in interstate commerce was to have R.B. engage in the production of claimed pornography. A person may have several different purposes or motives for such transportation. The government must prove beyond a reasonable doubt, however, that at least one of the defendant's substantial motivations for causing the transportation was to have R.B. engage in the production of child pornography. In other words, the production of child pornography must not have been a merely incidental motivation for the interstate transportation of R.B.

C. INTERSTATE TRAVEL

In order to find the defendant guilty of the charge of causing the transportation of

an individual under 18 in interstate commerce with the intent to have R.B. engage in the production of child pornography, the government must prove that the defendant caused the individual to be transported from one state to another with that intent. A person travels from one state to another by crossing the state line or boundary. If you find that the defendant caused R.B. to be transported from one state to another, you may conclude that the government has proved this element of the offense.

D. ENGAGEMENT IN THE PRODUCTION OF CHILD PORNOGRAPHY NOT REQUIRED

It is not necessary for the government to prove that anyone actually engaged in the production of child pornography after being transported across state lines. The government must prove beyond a reasonable doubt that a person under age 18 years old was knowingly transported across state lines by the defendant and that the defendant intended at the time of transportation for the person under 18 to engage in the production of child pornography.

**COUNTS II-VII: SEXUAL EXPLOITATION OF A MINOR**
**(18 U.S.C. § 2251(a))**

The defendant is charged in Counts II-VII with sexual exploitation of a minor.

The defendant can be found guilty of these crimes only if the government proves the following elements beyond a reasonable doubt:

1. At the time, R.B. was under 18 years of age;

2. The defendant knowingly employed, used, persuaded, induced, or enticed R.B. to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. Either the visual depiction was transported across state lines or in foreign commerce or the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

**COUNT VIII: POSSESSION OF CHILD PORNOGRAPHY**
**(18 U.S.C. § 2252A(a)(5)(B))**

The defendant is charged in Count VIII with knowingly possessing child pornography that has been mailed, shipped, or transported in interstate or foreign commerce.

The defendant can be found guilty of this crime only if the government proves the following elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a Hewlett Packard laptop computer;

2. That the Hewlett Packard laptop computer contained at least one image of child pornography;

3. That the defendant knew that the Hewlett Packard laptop computer contained an image of child pornography; and

4. That the image of child pornography had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

**DEFINITIONS**

In determining whether or not the government has proved each of the material elements of the offenses charged in the Superseding Indictment beyond a reasonable doubt, you are to consider the following definitions:

A. CHILD PORNOGRAPHY: "Child pornography" means any visual depiction, including any computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where such visual depiction is of a minor engaging in sexually explicit conduct.

B. MINOR: "Minor" means any person under the age of 18 years.

C. VISUAL DEPICTION: "Visual depiction" includes data stored on computer disk, in this case, a computer hard drive.

D. SEXUALLY EXPLICIT CONDUCT: "Sexually explicit conduct" includes: (1) sexual intercourse, including genital-genital intercourse or oral-genital intercourse, whether between persons of the same or opposite sex, and (2) lascivious exhibition of the genitals or pubic area of any person.

E. KNOWINGLY: The term "knowingly" as used in these instructions to describe the alleged state of mind of the defendant means that she was conscious and aware of her actions, that she realized what she was doing and did not act because of ignorance, mistake, or accident.

To decide whether the government has proved beyond a reasonable doubt that the defendant acted knowingly, you should consider all the surrounding circumstances. There is often no direct evidence of a person's knowledge because it is difficult to prove directly a person's state of mind. Therefore, you should consider all of the evidence in the case in deciding whether the government has proved beyond a reasonable doubt that the defendant acted knowingly.

F. POSSESSION: A person has possession of something if she knows of its presence and content and has physical control of it, or has the power and intention to control it.

G. INTERSTATE OR FOREIGN COMMERCE: "Interstate commerce" includes commerce between one state, territory, possession, or the District of Columbia and another state, territory, possession or the District of Columbia. "Foreign commerce" includes commerce with a foreign country. Computer transmission of images across state lines by means of the internet would constitute interstate commerce.

## CONSENT NOT A DEFENSE

Consent by a person under the age of 18 is not a defense to any of the charges set forth in the Superseding Indictment.

## CONSIDER EACH COUNT SEPARATELY

The Superseding Indictment charges eight (8) separate crimes against the defendant. Each offense charged in the indictment and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against the defendant.

## CONCLUSION

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case which is important to all of the parties. You

are to exercise your judgment and common sense without prejudice, without sympathy, but with honesty and understanding. You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of this court. Remember also that the question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings:

1. If you have a reasonable doubt as to whether the government has proved any one or more of the essential elements of the crime charged, it is your duty to find the defendant not guilty.

2. If you find that the government has proved all of the essential elements of the crime charged beyond a reasonable doubt, then you may find the defendant guilty.

A. PUNISHMENT - IRRELEVANT

The punishment provided by law for the offenses charged in the Indictment is exclusively my responsibility, and should never be considered by you in any way in arriving at an impartial verdict.

B. SELECTION OF FOREPERSON

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairman of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments on the evidence and on the law.

C. VERDICT MUST BE UNANIMOUS

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous as to each count.

D. DELIBERATIONS

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember at all times that you are not partisans, you are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case. If during your deliberations it becomes necessary to communicate with me, you may do so only in writing, signed by the foreperson or by one or more members of the jury. Give that note to the marshal and he will bring it to my attention. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with you on anything concerning the case either in writing or orally in the courtroom. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.

Nothing said in these instructions is intended to suggest or to convey in anyway or manner what your verdict should be. The verdict is your sole and exclusive duty and responsibility.

When you have arrived at a verdict, notify the marshal and you will be returned to the courtroom where the foreperson will render the verdicts orally.