UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Crim. No. 12-cr-140-PB |
| ) | |
| Lisa Biron ) | |
| _____ | |

## MEMORANDUM IN REPLY TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)

Defendant's motion under Rule 60(b)(2) and Rule 60(b)(6) should be denied because the motion is a successive habeas petition that challenges her underlying conviction and does not allege a procedural defect in the Court's previous denial of her motion under 28 U.S.C. § 2255.

The First Circuit rejects categorical approaches when determining whether a Rule 60(b) motion is considered a successive habeas petition. The Circuit has held that "a Rule 60(b) motion should be treated as a second or successive habeas petition if -- and only if -- the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. In other cases -- cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured -- the motion may be adjudicated under the jurisprudence of Rule 60(b)." Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003). Therefore, the first task is to identify the motion's "factual predicate." Once the "factual predicate" has been identified, the Court must decide whether the prisoner is trying to evade the limits of successive § 2255 motions.

There are very limited circumstances where a procedural error causes the dismissal of the first habeas petition. In this regard, the United States Supreme Court has held that the Rule 60(b)

motion should only survive if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas process." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).  Whatever the circumstances, a new claim attacking "the federal court's previous resolution *on the merits*" or seeking "a new ground for relief" constitutes a successive habeas petition and should not be considered. Gonzalez, 545 U.S. at 532.

Defendant's Rule 60(b) motion challenges claims that the Court's conclusion in its October order did not consider her claim of ineffective assistance of counsel under a correct understanding of the mens rea element."   Defendant says that the Court was incorrect to analyze Counts 2 through 7 against her using a general intent, instead of specific intent, mens rea.

The claims made in defendant's Rule 60(b) motion challenge the integrity of her underlying conviction.  According to the defendant, the Court examined Counts 2 through 7 under the wrong mens rea at both her trial and in her subsequent § 2255 motion.  Defendant's Rule 60(b) motion explicitly states that the error "undermines…the outcome of the trial in general."

The defendant also contends that using the wrong mens rea also contributed to the Court's denial of her ineffective assistance of counsel claim.  But that argument is similar to the claim made in Rodwell where the petitioner filed a Rule 60(b) motion claiming that the court's improper withholding of evidence constituted "an 'ongoing fraud' that challenged the integrity of the habeas judgment itself." Rodwell, 324 F.3d at 72.  The First Circuit disagreed, concluding that such an argument "seeks to accomplish an end run around the strict limitations . . . upon the filing of second or successive habeas petitions." Id. at 72.

Defendant's Rule 60(b) motion makes a similar erroneous argument that the Court's alleged use of the wrong mens rea for Counts 2 through 7 is "new evidence" that would have

altered the Court's analysis of her § 2255 motion. Such a claim challenges the Court's resolution of her case on the merits (as she admits in her Rule 60(b) motion when she says the error "undermines…the outcome of the trial in general.") Because defendant's Rule 60(b) motion challenges the outcome of her trial on the merits rather than simply a defect in the federal habeas process, defendant's motion constitutes a successive § 2255 motion. She may not proceed with that motion without first obtaining authorization from the First Circuit.

Dated: July 16, 2018

                              Respectfully submitted,
                              SCOTT W. MURRAY
                              United States Attorney

                              By: /s/ Seth R. Aframe
                              Seth R. Aframe, AUSA
                              53 Pleasant Street, 5th Floor
                              Concord, NH 03301
                              (603) 225-1552
                              seth.aframe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this response has been forwarded this date via first class mail to defendant Lisa Biron, #12775-049, FCI Waseca, PO Box 1731, Waseca, MN 56093.

                              /s/ Seth R. Aframe
                              Seth R. Aframe, AUSA