**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Crim. No. 12-CR-140-PB |
| | ) | |
| LISA BIRON, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR RELEASE OF**
**PRE-SENTENCE INVESTIGATION REPORT**

NOW COMES Plaintiff United States of America, which moves for an order of this Honorable Court authorizing and directing the release of the presentence investigation report (PSR) prepared at the direction of the Court in *United States v. Biron*, Crim. No. 12-CR-140-PB. Plaintiff seeks an order directing the United States Probation Office (USPO) for the District of New Hampshire to provide a copy of the PSR to the Office of the United States Attorney for the District of Minnesota for use in the case *Lisa Biron v. Hugh Hurwitz, et al.*, Case No. 19-CV-57-SRN-LIB, United States District Court for the District of Minnesota (the Honorable Susan Richard Nelson, presiding) (hereinafter "*Biron v. Hurwitz*"). In support of this motion, Plaintiff respectfully submits the following:

**Brief in Support**

**A.    Background:**

Defendant Lisa Biron, Register Number 12775-049, is in federal custody with a projected release date of February 3, 2048, via a good conduct time release. In *Biron v. Hurwitz*, Defendant claims her constitutional rights are being violated by the Bureau of Prisons' decision to deny her access to the electronic mail system ("TRULINCS"), and a

video visiting program. *See generally* Doc. No. 11, Amended Complaint, *Biron v. Hugh Hurwitz, et al.*, Case No. 19-CV-57-SRN-LIB (D. Minn.). Assistant United States Attorney (AUSA) Andrew Tweeten and BOP Supervisory Attorney Kara Anderl represent the defendants in their official capacities in *Biron v. Hurwitz*. They have determined that information contained in the Defendant's PSR formed the basis of the Bureau's decision to deny her access to TRULINCS and the video visiting program.[1] Disclosing the PSR to the Court is necessary to adequately explain the Bureau's decision to deny Defendant access.

Defendant's PSR contains language restricting its use and distribution. At sentencing, the Court authorized disclosure to the BOP and redisclosure by the BOP for use in administering Biron's prison sentence, for matters such as classification, designation, programming, sentence calculation, pre-release planning, and the like. Otherwise, the BOP may not distribute copies of the PSRs without this Court's permission.

**A.      Law and Argument**

**1.      There is a presumption of confidentiality, but disclosure of a PSR to a third party is a matter for a district court's discretion.**

---

[1] According to Chapter 14 of Bureau of Prisons' Program Statement 4500.12, *Trust Fund/Deposit Fund Manual*, inmates may be prohibited from the public messaging component of TRULINCS if their "offense, conduct, or other personal history indicates a propensity to offend through the use of email, or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff." *See* Program Statement Program Statement 4500.12, *Trust Fund/Deposit Fund Manual*, § 14.9, *available at* https://www.bop.gov/policy/progstat/4500.12.pdf.

The principal function of a PSR is to assist a court in determining an appropriate sentence. *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1170 (2d Cir. 1983) (*citing* Administrative Office of the United States Courts, *The Presentence Investigation Report* 1 (1978) ("AO Presentence Monograph")). A PSR also may assist BOP in matters such as offender classification and early release decisions, may aid Probation Officers in supervising defendants, and may serve as a source of data for research. *Id.* When drafting a PSR, a Probation Officer acts as an arm of the court. *Charmer*, 711 F.2d at 1169-70 (*citing* Fed. R. Crim. P. 32(c)(1) and 18 U.S.C. § 3654 (1976)). A PSR is a court document and may be used by nonjudicial federal agencies and others only with court permission. *Id.* at 1170.

Rule 32 of the Federal Rules of Criminal Procedure sets out the general procedures relating to the preparation and submission of PSRs. The Probation Officer must give a copy of the PSR to the defendant, the defendant's attorney, and an attorney for the United States prior to sentencing. Fed. R. Crim. P. 32(e)(2). Rule 32 itself is silent regarding the disclosure of PSRs to third persons. *Charmer*, 711 F.2d at 1172; *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976); *United States v. Anderson*, 724 F.2d 596, 597 (7th Cir. 1984); *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985), *cert. denied*, 475 U.S. 1014 (1986); *United States v. Schlette*, 842 F.2d 1574, 1578-79 (9th Cir. 1988), *amended*, 854 F.2d 359 (9th Cir. 1988).

3

As a general matter, a PSR is confidential, and "in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *U.S. Dept. of Justice v. Julian*, 486 U.S. 1, 12 (1988) (emphasis in the original). Although PSRs typically are not disclosed to third parties, disclosure is not forbidden. To protect confidentiality of the information contained in a PSR, courts typically require some showing of special need before they will allow a third party to obtain a copy. *Julian*, 486 U.S. at 12. Whether to permit disclosure of, or to allow access to, a PSR is a matter left to a district court's discretion. *Charmer*, 711 F.2d at 1177; *United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995); *United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008); *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003) (*per curiam*).

The rationale for the discretionary rule is that district courts have substantial supervisory powers over their records and files. A PSR and related documents are court records, so control of those documents rests within the discretion of the district court. *Schlette*, 842 F.2d at 1577; *Gomez*, 323 F.3d at 1307.

When balancing the need for confidentiality against the need of a movant seeking disclosure, "a strong presumption in favor of confidentiality has been established by the courts." *Schlette*, 824 F.2d at 1579, *citing Charmer*, 711 F.2d at 1174 ("observing that many courts use a 'standard approaching that for the release of grand jury materials' as a benchmark for assessing third-party disclosure requests"); *McKnight*, 771 F.2d at 390

4

("'Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent they or portions of them are placed on the court record or authorized for disclosure to serve the interests of justice.'"); *Anderson*, 724 F.2d at 598-99 ("reiterating 'ends of justice' standard for third-party requests; observing that secrecy of presentence reports is of 'critical importance' and that '[a]ny broader disclosure requirement . . . would upset the delicate balance underlying Rule 32(c)(3). Confidentiality of presentence reports is vitally important to the efficiency of the sentencing process.'").

The Tenth Circuit Court of Appeals has explained in a footnote that in general PSRs are not public records and should not be released to third parties. Nevertheless, they may be released to the extent that PSRs or portions of them are placed in the court record or disclosure is authorized to serve the interests of justice. *United States v. Wayne*, 591 F.3d 1326, 1334 n. 7 (10th Cir. 2010). In resolving a motion to disclose a PSR, courts typically balance the specific considerations underlying the policy of confidentiality against the demonstrated need for disclosure. *United States v. Bernal-Martinez*, Case No. 03-20064, 2014 WL 4377673, at *1 (D. Kan. Sept. 3, 2014) (unpublished), *citing United States v. Iqbal*, 684 F.3d 507, 510-11 (5th Cir. 2012).

Three primary considerations underpin the policy of confidentiality. First, the defendant has a privacy interest in the PSR because it reveals not only the details of the offense but also other information that may aid the court in sentencing. That information

5

may include the defendant's physical, mental, and emotional condition; his prior criminal history (including uncharged crimes); personal financial information; educational status; and more. Further, because a PSR is not subject to the rules of evidence, it may contain errors, and while Rule 32 affords a defendant the opportunity to seek correction, a PSR is rarely revised to remove misinformation. *Iqbal*, 684 F.3d at 510.

Second, PSRs often rely on confidential sources for information about the defendant's involvement in criminal activity. Regularly breaching the policy of confidentiality could severely access the government's access to such information. *Id.*

Third, courts rely heavily on PSRs to impose appropriate sentences. If defendants or cooperating third parties reasonably feared the regular release of information gathered in preparation of PSRs, then that fear could stifle or discourage the vital transmission of information and hamper courts' ability to impose just sentences. *Id.*

Notwithstanding those concerns, the policy of confidentiality is not absolute. A court may balance the reasons for maintaining confidentiality against a compelling, particularized need for disclosure to meet the ends of justice and authorize disclosure of a PSR in a specific case. *Id.* at 511. Examples of compelling, particularized needs that may justify disclosure of a PSR or information contained in a PSR to third parties include the following:

- protecting the rights of criminal defendants and the integrity of the judicial process (*Figurski*, 545 F.2d at 391);

6

- the presence of exculpatory information or impeachment material in a witness's PSR (*Anderson*, 724 F.2d at 598; *United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991); *United States v. Corbitt*, 879 F.2d 224, 238-39 (7th Cir. 1989));

- where a party to litigation requires access to a PSR to establish an affirmative proposition (*Corbitt*, 879 F.2d at 239);

- preventing fraud on U.S. immigration laws in the context of a removal proceeding (*Iqbal*, 684 F.3d at 511);

- a district court's disclosure of facts for purposes of verifying their accuracy before sentencing, and then utilizing the facts in fashioning a procedure for payment of restitution (*McKnight*, 771 F.2d at 391);

- a district court's interest in addressing widespread public misconceptions about a case and rebutting a defendant's implication that he was singled out for prosecution on the basis of his race (*Huckaby*, 43 F.3d at 137);

- a newspaper's legitimate interest in explaining to the public the means by which sentencing decisions are made (*Schlette*, 842 F.2d at 1583); and

- the interest of the estate of a former prosecutor, who was killed by a defendant he had previously prosecuted in another case, in obtaining the PSR to determine whether the probation service knew that the defendant posed a threat to the former prosecutor and did nothing about it, where the estate could not obtain the information in the PSR from any other source (*Schlette*, 842 F.2d at 1584).

A central element in the showing required of a third person seeking disclosure is the degree to which the information in the PSR cannot be obtained from other sources. In such instances, the burden may be less if the movant is a public official or entity than when the movant is a private person, but if the pertinent information appears in other publicly available records and sources there may an insufficient need for production of the PSR. *Charmer*, 711 F.2d at 1177; *Spotted Elk*, 548 F.3d at 672. A district court exercising its

7

discretion may properly refuse to disclose a PSR to parties who seek the PSR simply to save them time in preparing civil litigation. *Schlette*, 842 F.2d at 1584.

**2.** **It would be an appropriate exercise of discretion for the Court to authorize disclosure of the PSRs in this instance.**

There is a compelling, particularized need for disclosure of Defendant's PSR, outweighing the policy considerations that underlie the principle of confidentiality. The interests of justice would be served by an order authorizing limited disclosure, and those interests would be undermined if the PSRs are not disclosed.

As explained by the Second Circuit, the BOP may use a PSR when making offender-classification decisions. *Charmer*, 711 F.2d at 1170. PSRs prepared by this District's USPO typically include language recognizing that the reports will be disclosed to BOP and that such disclosure "to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e. classification, designation, programming, sentence calculation … [etc.]) and other limited purposes," or words to that effect. BOP maintains information on all inmates confined in BOP institutions, and when BOP receives a PSR it places the PSR and related correspondence in the offender's Inmate Central File in the part reserved for classification and parole materials. *See* Program Statement 5800.17, *Inmate Central File, Privacy Folder, and Parole Mini-Files*, at 17, Attachment A (Inmate Central File Order), Section Two (Classification and Parole Materials), subparagraph (b)(13)

("Presentence Investigation Report (PSI) (U.S. District Courts Only)/Probation Violator Report") and subparagraph (b)(14) ("Correspondence relating to PSI (disclosable)"), *available at* https://www.bop.gov/policy/progstat/5800_017.pdf.

A classification decision by the BOP regarding Defendant's access to TRULINCS and the video visiting program is central to her pending litigation in the District of Minnesota, and the BOP asserts the decision was based on information contained in her PSR. Further, the policy considerations underpinning the principle of confidentiality are largely attenuated in this case. First, Defendant is a party to the litigation in the District of Minnesota.

Second, disclosure of Defendant's PSR is sought solely to defend the BOP's actions in a case initiated by the Defendant herself. The parties to *Biron v. Hurwitz* are not typical "third parties" requesting access to an offender's PSR. They are the offender herself and public officials who understand the appropriate uses of a PSR and are familiar with the underlying principle of confidentiality.

Third, unlike the situations presented by *Schlette* and *Huckaby*, release of Defendant's PSR will not be to the media or for consumption by the public at large. The release in this instance will be for use in litigation in another United States District Court.

This case is more analogous to *Bernal-Martinez*, in which the United States filed a motion requesting permission to disclose a PSR to a district attorney's office in the State of New York. Weighing the confidentiality factors, the United States District Court for the

District of Kansas found that there was no reasonable argument that disclosing the PSR to the attorneys and the state court judge would compromise confidential informants or other governmental access to information. Similarly, there was no reasonable argument that the limited release of the PSR to the lawyers and the judge would have a chilling effect on the free flow of information that is vital to PSR-related interviews and inquiries. The United States demonstrated a particularized need, beyond mere relevance, for disclosure to the state prosecutor, and that need was appropriately focused toward and directly related to the pursuit of justice. *Bernal-Martinez*, 2014 WL 4377673 at *2.

In the case at bar, Defendant affirmatively sought judicial review of the BOP's classification decision regarding her access to TRULINCS and the video visiting program, and the Department of Justice and the Bureau of Prisons believe that production of the PSR would be appropriate.  Allowing limited disclosure of Defendant's PSR would serve the interests of justice in *Biron v. Hurwitz*.  Accordingly, Plaintiff moves for an order directing limited disclosure of the PSR.

## **Prayer for Relief**

WHEREFORE, Plaintiff United States of America respectfully prays for an order of this Honorable Court:

(1)    directing the United States Probation Office for the District of New Hampshire to provide copies of the Presentence Investigation Reports prepared in *United States v. Biron* to the Office of the United States Attorney for the District of Minnesota

10

(Attn:  AUSA Andrew Tweeten), for use in the case *Biron v. Hurwitz*, Case No. 19-CV-57-SRN-LIB (D. Minn.).

(2)     authorizing the Office of the United States Attorney for the District of Minnesota to disclose to the Court in the case *Biron v. Hurwitz*, Case No. 19-CV-57-SRN-LIB (D. Minn.).  Any disclosure to the Court must be made under seal.


Date:  March 26, 2019                                    Respectfully submitted,

                                                         SCOTT W. MURRAY
                                                         United States Attorney


                                                         By: /s/ Helen White Fitzgibbon
                                                         Helen White Fitzgibbon
                                                         Assistant U.S. Attorney
                                                         NH Bar # 6833
                                                         53 Pleasant Street, 5th Floor
                                                         Concord, NH  03301
                                                         (603) 225-1552
                                                         helen.fitzgibbon@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served this day, via U.S. Mail, on Lisa A. Biron, #12775-049 FCI Waseca, P.O. Box 1731, Waseca, MN 56093.


                                                         /s/  Helen White Fitzgibbon
                                                         Helen White Fitzgibbon
                                                         Assistant U.S. Attorney

11